**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOANN MARIE LOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-400-KEW |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Joann Marie Lott (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 52 years old at the time of the ALJ's decision.

3

Claimant obtained her GED. Claimant has worked in the past as a waitress, fast food worker, short order cook, mutual cashier, cashier checker, and commercial cleaner. Claimant alleges an inability to work beginning January 1, 2015 due to limitations resulting from anxiety, depression, migraine headaches, nausea and vomiting from headaches, and high blood pressure.

**Procedural History**

On August 31, 2015, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for Supplemental Security Income under Title XVI (42 U.S.C. § 1381 *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 6, 2017, Administrative Law Judge ("ALJ") Deidre O. Dexter conducted a hearing in Tulsa, Oklahoma. On January 8, 2018, the ALJ entered an unfavorable decision. On October 26, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She determined that while Claimant suffered from

4

severe impairments, she retained the residual functional capacity ("RFC") to perform light work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) identifying jobs at step five for which the demands exceeded Claimant's intellectual limitations; (2) failing to adequately consider all of Claimant's limitations at step five; and (3) the credibility determination of Claimant's subjective statements.

**Step Five Analysis**

In her decision, the ALJ determined Claimant suffered from the severe impairments of depression, anxiety, mild cognitive disorder, tension headaches, and chronic low back pain. (Tr. 15). The ALJ concluded Claimant could perform light work. In so doing, the ALJ found Claimant could lift, carry, push, or pull up to ten pounds frequently and 20 pounds occasionally. She could sit for up to six hours in an eight hour workday, could stand and/or walk up to six hours in an eight hour workday. She could frequently climb ramps or stairs, stoop, kneel, crouch, or crawl. She could occasionally climb ladders, ropes, or scaffolds. Claimant could perform simple, routine, and repetitive tasks but not at a fast-paced production rate pace. She could occasionally interact with

5

supervisors as needed to receive work instructions. She could work in proximity to co-workers, but should have no more than occasional direct work interaction with co-workers and should not interact with the general public. The job should not require the use of public transportation. (Tr. 18).

After consulting with a vocational expert, the ALJ concluded Claimant was capable of performing the representative jobs of marker, bench assembler, and inspector and hand packager, all of which were determined to exist in sufficient numbers in the national economy. (Tr. 24). As a result, the ALJ concluded Claimant was not under a disability from January 1, 2015 through the date of the decision. Id.

Claimant contends the representative jobs identified by the vocational expert and adopted by the ALJ in her decision exceed Claimant's limitations. The ALJ accurately represented the RFC limitations in her questioning of the vocational expert. (Tr. 64). Claimant contends the ALJ found moderate limitations in the four areas of functioning in the "paragraph B" criteria she was required to analyze at step three and that those limitations eliminate the identified representative jobs from Claimant's ability to work in them. The social security ruling on assessing

6

a claimant's RFC cautions that "[t]he adjudicator must remember that the limitations identified in the 'paragraph B' ... criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." Soc. Sec. R. 96-8p. The Tenth Circuit has specifically found that the failure to include a moderate limitation in social functioning, for example, in the RFC based solely upon the finding at step three is not error. Beasley v. Colvin, 520 Fed. Appx. 748, 754 (10th Cir. 2013).

Claimant also asserts that the identified jobs require a reasoning level of R2[2]. DOT #209.587-034; #706.684-042; #559.687-074. She contends that restricting her to simple, routine, and repetitive tasks eliminates these jobs from consideration. A job which requires a reasoning level of 2 under the DOT mandates that the claimant have the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." This exceeds the RFC limitation which would necessarily entail simple, routine, and

---

2 **Error! Main Document Only.**The GED reasoning levels are associated with the level of simplicity associated with a particular job. Cooper v. Barnhart, 2004 WL 2381515, at 4 (N.D. Okla.).

repetitive work and not detailed instructions which are required for all of these representative jobs.  *See*, McKinnon v. Astrue, 2010 WL 3190621, at 5 (D.Colo.); Allen v. Barnhart, 2003 WL 22159050, at 10 (N.D. Cal.).  On remand, the ALJ shall consider the reasoning level of the identified representative jobs in light of the mental limitations imposed in the RFC.

**Claimant's Limitations**

Claimant also contends that the ALJ failed to consider all of her limitations in the RFC.  Claimant was evaluated by Dr. Theresa Horton on December 8, 2015.  Dr. Horton concluded that Claimant's "pace is somewhat slowed and may affect her level of productivity." (Tr. 437).  Claimant asserts that the identified representative jobs require frequent reaching, handling, and fingering and, therefore, Claimant's limitation on pace would eliminate these jobs.  This Court does not perceive that the requirements for frequent reaching, handling, and fingering translates directly to a requirement for fast paced production.  The ALJ included this limitation in the hypothetical questioning of the vocational expert and the expert considered the limitation in identifying the jobs Claimant could perform.

"Testimony elicited by hypothetical questions that do not

8

relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. The ALJ's questioning mirrored Claimant's limitations found in the RFC. No error is found on this basis.

### Credibility Determination

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing

a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ relied upon appropriate factors in evaluating the credibility of Claimant's statements. The nature of Claimant's treatment, the objective medical testing, and the inconsistencies between the claimed restrictions and Claimant's activities all form specific and legitimate reasons for the ALJ's questioning of Claimant's credibility.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

IT IS SO ORDERED this 31st day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE